IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORBIT US, LTD., a Delaware
Corporation, and SEAHORSE
GEOMATICS, INC., an
Oregon corporation,

                Plaintiffs,

    v.

R2SONIC, LLC, a Delaware
corporation,

                Defendant.

No. 3:20-cv-01820-HZ

OPINION & ORDER

Mark Lawrence Lorbiecki
Sean Leake
Gabrielle Lindquist
Williams Kastner
601 Union Street
Suite 4100
Seattle, WA 98101

1 – OPINION & ORDER

Bryan K. Churchill
Williams Kastner Greene & Markley
1515 SW Fifth Ave., Suite 600
Portland, OR 97201

  Attorneys for Plaintiffs

Sasha A. Petrova
Thomas R. Johnson
Perkins Coie, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

  Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiffs Norbit US, Ltd. and Seahorse Geomatics, Inc. bring this declaratory judgment action against Defendant R2Sonic, LLC seeking a declaratory judgment finding that Plaintiffs have not infringed Defendant's patent. Defendant moves to dismiss for lack of personal jurisdiction and lack of subject matter jurisdiction. The Court grants Defendant's motion to dismiss for lack of personal jurisdiction.

## BACKGROUND

Plaintiff Seahorse Geomatics (Seahorse) is a vendor of Norbit US, Ltd.'s "Wideband Multibeam Sonar equipment which employs a curved array sonar using the latest in analog and digital signal processing." Compl. ¶ 2, ECF 1. Defendant owns United States Patent No. 10,132,924 (the Patent-in-Suit), which describes "[a] survey system that performs multiple measurement functions per multifrequency ping, the survey system including a multibeam echo sounder system installed on a water going vehicle." *Id*. ¶¶ 1, 5.

The United States Army Corps of Engineers (USACE) issued a Request for Quotations (Solicitation) seeking "a new multibeam sonar and peripheral equipment that can mount on and integrate with" the Sea Ark 27' VC Commander vessel and Universal Sonar Mount mounting

system." Compl. Ex. B at 2, ECF 1-2. The minimum specifications of the requested sonar equipment required that the equipment be able to "survey with multiple frequencies at the same time." *Id.* Plaintiff Seahorse and Defendant provided quotes in response to the Solicitation. *Id.* at 1. USACE awarded the contract to Plaintiff Seahorse. *Id.*

Defendant protested USACE's award of the contract to Plaintiff Seahorse. *Id.* In its protest to USACE, Defendant alleged that its patented sonar system is the only system capable of surveying using multiple frequencies simultaneously; thus, its technology was the only technology that could meet the minimum specifications in the Solicitation. *Id.* at 2. Defendant asserted that because it had not licensed its patented technology to Plaintiffs, the "only way that Seahorse could have proposed a sonar device conforming to the Solicitation's specifications was to propose R2Sonic's product or misrepresent to the Agency that it has the rights to sell the government the solicited technology," in violation of the Solicitation's terms and Defendant's intellectual property rights in the technology. *Id.* at 3. Plaintiffs allege that Defendant's protest and the assertions it made in the protest created "a substantial, definite, concrete and immediate justiciable controversy" between Plaintiffs and Defendant. Compl. ¶ 5.

Plaintiffs filed this lawsuit for a declaratory judgment of non-infringement. Compl. Plaintiffs allege on information and belief that Defendant is a Delaware corporation with its principal place of business in Austin, Texas. Compl. ¶ 8.

## STANDARDS

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. Plaintiff has the burden of showing personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

> If the district court decides the motion without an evidentiary hearing, which is the case here, then the plaintiff need only make a prima facie showing of the

3 – OPINION & ORDER

> jurisdictional facts. Absent an evidentiary hearing this court only inquires into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Uncontroverted allegations in the plaintiff's complaint must be taken as true. Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor.

*Id.* (citations, internal quotation marks, and brackets omitted).

Generally, the court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over the non-resident defendant. *W. Helicopters, Inc. v. Rogerson Aircraft Corp.*, 715 F. Supp. 1486, 1489 (D. Or. 1989); *see also Boschetto*, 539 F.3d at 1015 ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state.").

Oregon Rule of Civil Procedure (ORCP) 4 governs personal jurisdiction issues in Oregon. Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing ORCP 4L; and *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 657 P.2d 211 (1982)), the court may proceed directly to the federal due process analysis, *see Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (when state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process); *see also Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999) (because Oregon's catch-all jurisdictional rule confers personal jurisdiction coextensive with due process, the analysis collapses into a single framework and the court proceeds under federal due process standards).

To comport with due process, "the nonresident generally must have 'certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). The forum state may exercise either general or specific jurisdiction over a non-resident defendant. *Boschetto*, 539 F.3d at 1016.

## DISCUSSION

### I. Subject Matter Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction because no actual case or controversy exists between the parties. Plaintiffs argue that because the facts of this case are analogous to the well-established line of patent cases holding that sending a cease-and-desist letter is sufficient to create a case or controversy, subject matter jurisdiction exists. The Court agrees with Plaintiffs.

Article III requires that the courts decide disputes only where there is an actual case or controversy. U.S. Const. art. III, § 2. When a plaintiff brings a claim under the Declaratory Judgment Act, "courts must take care to ensure the presence of an actual case or controversy, such that the [declaratory] judgment does not become an unconstitutional advisory opinion." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citing *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 244 (1952)). Whether an actual case or controversy exists in an action for declaratory judgment of non-infringement is determined by reference to Federal Circuit law. *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012). Whether a "case or controversy" exists depends on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "Absent a true case or controversy, a complaint solely for declaratory relief . . . will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades*, 504 F.3d at 1157.

Jurisdiction in a declaratory judgment action concerning a patent lies only "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (citing *MedImmune*, 549 U.S. at 132 n.11).

Article III's case or controversy requirement has been met. Defendant, the patentee, asserted its rights under the patent based on Plaintiffs' bid and eventual award of a contract to provide equipment that Defendant alleged infringed its patent. The allegedly infringing activity was ongoing at the time Defendant protested the award of the contract to Plaintiffs because Plaintiffs had not yet performed their obligations under the contract, and Defendant asked the Government Accountability Office to stay performance of the contract based on the alleged infringement. Defendant asserted in its protest that Plaintiffs had contended that they had the right to award of the contract without a license by responding to the Request for Quotation. As a result, Plaintiffs were not required to "risk a suit for infringement before seeking a declaration of [their] legal rights." *Id.* Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

**II.    Personal Jurisdiction**

Defendant argues that Plaintiffs failed to allege any facts that establish the Court's personal jurisdiction over it. Def. Mot. Dismiss (Def. Mot.) 10, ECF 18. Plaintiffs argue that this Court has general personal jurisdiction or, alternatively, specific personal jurisdiction over

Defendant because Defendant has sufficient contacts with the forum. Pl. Resp. Mot. Dismiss (Pl. Resp.) 9–19, ECF 23.

The plaintiff bears the burden of making a prima facie showing of personal jurisdiction. *Boschetto*, 539 F.3d at 1015. "[U]ncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "[A]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 946 (N.D. Cal. 2014).

A.   General Personal Jurisdiction

Defendant argues that this Court does not have personal jurisdiction over it because it has no offices, employees, or operations in Oregon. Def. Mot. 12. Plaintiffs argue that Defendant's contacts with Oregon are significant enough for the Court to exercise general personal jurisdiction over Defendant.

Federal Circuit law, rather than regional circuit law, determines whether a district court has personal jurisdiction over the defendant in a patent infringement case. *Avocent Huntsville Corp. v. Aten Intern. Co. Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). If the parties have not conducted discovery, the plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). In evaluating a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the court construes the pleadings and affidavits in the

light most favorable to the non-moving party. *Graphics Controls Corp. v. Utah Med. Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998).

Personal jurisdiction over an out-of-state defendant in a patent-related dispute involves two questions: whether jurisdiction exists under the forum state's long-arm statute, and if so, whether asserting personal jurisdiction is consistent with the limitations of the Due Process Clause of the federal Constitution. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). These inquiries merge because Oregon's long-arm statute extends jurisdiction to the outer limits of due process. *Invellop, LLC v. Bovino*, No. 3:14-cv-00033-SI, 2014 WL 3478866, at *2 (D. Or. July 11, 2014); *see also Trintec*, 395 F.3d at 1279 ("collaps[ing]" the two-part inquiry where a state's long arm statute is coextensive with the limits of due process).

The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotation marks and citation omitted). To satisfy this due process protection, the plaintiff must show that the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The requirement for purposeful minimum contacts helps ensure that non-residents have fair warning that a particular activity may subject them to litigation in the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) (citations omitted).

It is unclear to the Court the precise reason that Plaintiffs argue that general personal jurisdiction over Defendant exists in Oregon. Plaintiffs buttress their general jurisdiction

argument with evidence from Defendant's website which indicates that Defendant does business in Oregon and evidence that Defendant sent a letter to the Oregon legislature concerning amendments to a bill that could impact Defendant's business operations in Oregon. However, Defendant is not incorporated in Oregon and has no offices or employees in Oregon. The evidence that Defendant does some business in Oregon is insufficient to establish that Defendant's activities in Oregon are so continuous and systematic that Defendant is essentially at home in Oregon. *See, e.g.*, *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing the general, well-established principle that only in "an exceptional case" may a corporation be at home somewhere besides "its place of incorporation and principal place of business"). As a result, this Court lacks general personal jurisdiction.

B.      Specific Personal Jurisdiction

A court has specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472 (internal quotation marks and citations omitted); *see also Beverly Hills Fan Co.*, 21 F.3d at 1563 n.10 (citation omitted). Thus, in "contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

Under Federal Circuit precedent, a district court can exercise specific personal jurisdiction over a defendant subject to a three-part test. First, the defendant must have

purposefully directed its activities at residents of the forum. Second, the plaintiff's claim must arise out of or relate to those activities. And third, the exercise of personal jurisdiction must be reasonable and fair. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009) (citing *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)). Under this test, a court may properly assert specific jurisdiction "even if the contacts are isolated and sporadic," so long as the cause of action arises out of or relates to those contacts. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003) (citing *Burger King*, 471 U.S. at 472–73). The plaintiff bears the burden at step one and two, but the burden shifts to the defendant at step three to prove that personal jurisdiction is unreasonable. *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).

      The Court lacks specific personal jurisdiction over Defendant because this litigation does not arise out of activities that Defendant *directed* at the forum state, Oregon. Plaintiffs' argument to the contrary misses the mark. Plaintiffs argue "In aiming [the protest] at an Oregon company, [Defendant] . . . should reasonably anticipate being haled into court here." Pls. MTD Resp. 17–18. But Defendant's accusation of patent infringement in a written protest sent to the Government Accountability Office in *Washington, D.C.* is not an activity that Defendant purposefully directed at the forum state and does not show that it purposefully availed itself of the protections of the forum. At most, it was an action that could have an effect on an Oregon company, Plaintiff Seahorse. But it was not an action directed at Oregon, even if Defendant knew it could have an effect on an Oregon resident. *Walden*, 571 U.S. at 289. The Supreme Court has "made clear that mere injury to a forum resident is not a sufficient connection to the forum." *Id.* And the few other contacts that Plaintiffs allege Defendant has with the forum, primarily sales and a letter sent to the Oregon legislature, have no connection to this litigation.

*See generally Avocent*, 552 F.3d at 1334–36. As a result, Plaintiffs have failed to make even a prima facie case that this Court has personal jurisdiction—specific or general—over Defendant.

## CONCLUSION

The Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction [18]. The Court DENIES Defendant's motion to dismiss for lack of subject matter jurisdiction [18]. The Court DENIES as moot Defendant's motion to strike [35]. This case is DISMISSED for lack of personal jurisdiction.

IT IS SO ORDERED.

DATED: October 24, 2021.

_____
MARCO A. HERNANDEZ
United States District Judge

11 – OPINION & ORDER